IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | |
|---|---|
| CHRISTOPHER E. RIXEN, DWAYNE GERONZIN, BRAD MAYDEW, DONALD HUIZENGA AND TODD KRAMER on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>) CASE NO. _____ |
| Plaintiffs, | ) COMPLAINT |
| v. | )<br>) Jury Trial Demanded |
| DANISCO USA, Inc. and DUPONT USA | ) |
| Defendants. | ) |

PRELIMINARY STATEMENT

1. Plaintiffs are current and former employees of Danisco USA, Inc. and DuPont, USA who worked at the Thomson, Illinois facility. The Plaintiffs bring this action against Defendants on behalf of themselves and their fellow workers to redress the Defendant' violations of the *Fair Labor Standards Act*, 29 U.S.C. §§ 201, et seq. ("FLSA"), and Illinois law regarding wages. At various times 2005 to the present Defendants failed to pay its hourly employees completely for the hours they worked thereby violating the *FLSA, the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq (IMWL)* and the *Illinois Wage Payment Collection Act, 820 ILCS 115/1 et seq. (IWPCA)*.

**Rixen et al v Danisco, USA, Inc.  Complaint**

2. Defendants operate a food manufacturing facility subject to Good Manufacturing Processes (GMPs) required by federal regulations.  Defendants manufacture low calorie sweeteners at the Thomson, Illinois facility.

3. As a result of the GMPs and other international food safety standards, including the British Retail Consortium (BRC), Defendants require Plaintiffs to go through certain procedures and wear certain PPE (personal protective equipment) to ensure safety and the sanitary protection of products manufactured at its facility.

4. Because of the GMPs and the sanitary food protocols, Defendants require that hourly employees wear uniforms and require that the employees change into their uniforms at the plant rather than taking or wearing the uniforms on their commute.

5. In addition, regulations under the *Occupational Health and Safety Act* (OSHA) require certain procedures with respect to PPE to protect the safety of employees. Defendants' procedures include requirements that employees wear fire retardant uniforms and change daily at the plant.  Defendants forbid employees from taking their uniforms offsite.

6. Defendants utilize a nickel hydrogenation process to make its products that involves the use of hydrogen gas, which under certain conditions is highly explosive and dangerous.

**Rixen et al v Danisco, USA, Inc.  Complaint**

7. Defendants failed to compensate Plaintiffs for the time devoted to these practices and procedures and thus have failed to compensate them for all hours worked as required under the *Fair Labor Standards Act* and the Illinois law regarding payment of wages.

8. The Plaintiffs seek money damages to redress the Defendants' violations of law.

## JURISDICTION

9. This Court has jurisdiction over the subject matter of this action pursuant to *29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331* (federal question jurisdiction), and *28 U.S.C. § 1337* (actions arising under Acts of Congress regulating commerce).

10. This Court has supplemental jurisdiction over the claims arising under state laws pursuant to *28 U.S.C. § 1367* because those claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  The Danisco/DuPont facility where Defendants employ these plaintiffs is located in Thomson, Carroll County, in the Northern District of Illinois, Western division.

## PARTIES

12. Plaintiff Christopher Rixen was employed with Defendants as a process operator/technician from approximately 1996 to October 2015.

**Rixen et al v Danisco, USA, Inc.  Complaint**

13. Mr. Rixen resides in Clinton, Iowa.

14. Dwayne Geronzin has been employed with Defendants from January 2010 to the present as a process operator/technician.

15. Mr. Geronzin resides in Clinton, Iowa.

16. Todd Kramer has been employed with Defendants from December 2010 to the present as a process operator/technician.

17. Mr. Kramer lives in Fulton, Illinois.

18. Brad Maydew has been employed with Defendants from 1990 to the present.  He is a process operator/technician.

19. Mr. Maydew is a resident of Clinton, Iowa.

20. Donald Huizenga was employed with Defendants from approximately September 2005 to March 2015.  He was a process technician until approximately 2009 when he became a lab technician.

21. Mr. Huizenga lives in Fulton, Illinois.

22. All of the proposed named plaintiffs have opted in and consented to sue pursuant to *29 USC 216(b)*.

23. Danisco USA, Inc. is an active corporation organized and existing under the laws of Delaware doing business in the Northern District of Illinois and other locations at times relevant to this complaint.

**Rixen et al v Danisco, USA, Inc.  Complaint**

24.   DuPont is an active corporation organized and existing under the laws of Delaware doing business in the Northern District of Illinois and other locations at times relevant to this complaint.

25.   DuPont acquired Danisco in approximately 2012 and took over operation of the plant in Thomson, although Plaintiffs' paychecks continue to be labeled as Danisco USA paychecks.

26.   The pay practices under DuPont and Danisco are largely the same.

27.   Plaintiffs bring their FLSA claim as a representative action on behalf of "all persons working in hourly positions for the Dansico/DuPont at the Thomson, Illinois plant from November 5, 2012 to the present," however, subject to the statute of limitations relating to the opt–in date of each individual plaintiff.

28.   Plaintiffs seek to bring their Illinois Wage Payment Collection Act claims, on behalf of a Rule 23 class defined as "all persons working in hourly positions for the Danisco, USA, Inc. Thomson, Illinois facility November 5, 2005 to the present."

29.   Plaintiffs seek to bring their Illinois Minimum Wage Act claims on behalf of a Rule 23 class defines as "all persons working in hourly positions for the Danisco, USA, Inc., Thomson, Illinois facility November 5, 2012 to the present.

**Rixen et al v Danisco, USA, Inc.  Complaint**

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs seek to bring claims, on behalf of a class defined as all persons working in hourly positions for the Danisco USA, Inc./DuPont facility in Thomson, Illinois.

31.     Plaintiffs do not bring this claim on behalf of any salaried employees who would be exempt under the executive, administrative or professional employees under the FLSA.

32.     Danisco/DuPont employees are exposed to hazardous substances including working with hydrogen gas, which can be explosive if mixed with oxygen and/or if the pressure and temperature conditions fall outside certain ranges.  These conditions require Defendants to implement safety precautions including requiring uniforms of flame retardant material.

33.     In addition, Plaintiffs process food, which requires the plant to implement Good Manufacturing Practices under rules and regulations of the U.S. Food and Drug Agency.  In addition, the plant operates under a certification of the British Retail Consortium for processing food and pharmaceuticals.  As a result of these regulations and certifications, Defendants require its employees to don and doff uniforms daily at the plant.

34.     Plaintiffs bring Count I of this Action as a collective action under the FLSA on behalf of the class defined above.  A collective action is appropriate

because the employees described are "similarly situated" to the named plaintiffs. *29 U.S.C. § 216(b)*.

  35. Plaintiffs will ask this Court to grant conditional certification and issue an order allowing notice of the case and the employees' rights to opt in.

  36. On information and belief, Plaintiffs state there are approximately 120 hourly employees who work or have worked at the defendant's facility who would be eligible to opt in.

  37. Some examples of how the members of the class are similarly situated include the following:

  a. All are located at the same work site – the Danisco/DuPont facility in Thomson, Illinois.

  b. All are subject to the same policies pertaining to payroll practices, including, donning rules regarding Personal Protective Equipment and requirements that the employees be at the work site, ready to work by the start of the shift but are not paid for any preparatory time.

  c. Specifically, Dansico/DuPont required that Plaintiffs wear uniforms specified and provided by Danisco/DuPont in order for it to be in compliance with Good Manufacturing Practices and BRC Global Standards. As a food and pharmaceutical processing facility, Danisco/DuPont requires that its employees wear uniforms of

    specified materials and design, including that there are no external pockets above the waist or sewn on buttons.

d. Danisco/DuPont also requires that its employees wear netting that covers hair and footwear.

e. Danisco/DuPont requires that employee uniforms be laundered by its designated uniform provider and donned at the facility in order to guard against contamination and to ensure that clean and dirty clothes are separated and that the clothing is hygienically clean following the washing and drying process.

f. Danisco/DuPont requires that its employees don their uniforms at the plant site at specified areas and store their street clothes separate from production areas.

g. Danisco/DuPont requires employees to wash their hands prior to entering the production area to minimize the chance of contamination by allergens or adulteration.

h. Employees are not allowed to wear their uniforms to and from work or work in their street clothes.

i. In addition, hourly employees are not allowed to take uniforms home, but rather leave them at the plant for special laundering instead.

j. The required uniforms are made of fire retardant material because of the hydrogen gas and nickel catalyst used in hydrogenation used to

    manufacture sweeteners can be highly explosive, potentially subjecting employees to flash fires.

k. Federal OSHA regulations require that employees wear fire retardant clothing under these circumstances.

l. In addition to the uniforms, Danisco requires that employees don other personal protective equipment including steel toed boots, hard hats, safety gloves, ear plugs or ear muffs, all in the Defendant's locker room on plant premises.

38. In addition, Danisco/DuPont unfairly and illegally subjects its hourly employees to quarter hour rounding practices under which an employee who punches in one minute late is docked 15 minutes.  Similarly, an employee who works 14 minutes past the end of his shift is not paid for the time; the company requires that employees work over 15 minutes before they are paid for the additional time.

39. While Danisco/DuPont records the time these hourly workers enter the plant and punch in, local managers routinely alter the records to show the employees have worked only their scheduled shift.

40. Plaintiffs bring Counts II and Count III as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined above.

**Rixen et al v Danisco, USA, Inc. Complaint**

    41.    Certification of a class of persons who may receive relief pursuant to Counts II and III is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because:

        a.    The class is so numerous that it is impractical to bring all class members before this Court. Based on information and belief, the class consists of approximately 120 workers.

        b.    There are questions of law and fact common to the class. The common questions of fact derive from the policies and practices enforced at the Danisco/DuPont plant in Thomson, Illinois. These policies and practices, including mandatory clothes changing on the plant site, policy of not paying until the shift begins and failing to pay employees based on the continuous work day from the first compensable activity. In addition, Danisco/DuPont unfairly and illegally subjects its hourly employees to quarter hour rounding practices under which an employee who punches in one minute late is docked 15 minutes. Similarly, an employee who works 14 minutes past the end of his shift is not paid for the time; the company requires that employees work over 15 minutes before they are paid for the additional time. These practices resulted in a significant underpayment of wages.

**Rixen et al v Danisco, USA, Inc. Complaint**

    c.    The named Plaintiffs' claims are typical of those of the class. The named plaintiffs seek the same relief as the rest of the class, namely damages associated with not being paid for all hours worked.

    d.    The named Plaintiffs will fairly and adequately protect the interests of the class and plaintiffs have retained counsel experienced in matters of this type.

    e.    Questions of law common to the members of the class predominate over questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Examples of common questions of include whether the employees are entitled to wages for time devoted to donning and doffing of protective equipment, mandatory clothes changing at a designated locker room facility, for worked time before and after the shift and other work related activities.

    f.    Testimony and evidence about Defendants' employment and/or timekeeping practices will affect and apply to the claims of all class members. Purely individual questions will be restricted to damages. If this Court does not certify a class

action, it will be impractical for individual class members to pursue relief or may lead to a large number of separate lawsuits, all of which would rely on the same kind of proof and require roughly the same amount of time, unnecessarily burdening the courts.

## FACTS

42. At all times relevant to this action, Defendants were enterprises engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

43. At all times relevant to this action, Defendants failed to pay Plaintiffs and other class members for all the hours they worked.

44. There is no union representing the employees at the Danisco/DuPont Thomson facility and no collective bargaining agreement that applies to these employees.

45. Defendants' time records accurately record the number of compensable hours worked by Plaintiffs and the other class members but local managers routinely alter the records to show that the hours worked are limited to the assigned shift.

46. Alternatively, Defendant's time records were accurate but the company failed to pay employees for their time, basing their pay on something other than time clock records.

**Rixen et al v Danisco, USA, Inc.  Complaint**

47. Defendant's employee handbook sets forth the company's and its employees' agreement regarding pay practices.

48. The employee handbook states that for non-shift-non-exempt employees, "All work performed in excess of your regularly scheduled eight (8) hour day or forty (40) hours in any one week shall be paid at the rate of time and one-half your regular rate of pay. Hours worked in excess of twelve (12) hours in one day will be paid at double time."

49. In addition, the employee handbook/pay practices provide that work performed on the 7th consecutive day is eligible for double time rates.

50. For shift personnel, a similar agreement exists.  The company and shift employees agreed that "all work performed in excess of forty (40) hours in any one weeks shall be paid at the rate of time and one-half your regular rate of pay."

51. From November 1, 2005-the present, Plaintiffs and the other members of the class worked well in excess of forty (40) hours in a certain workweeks and more than eight hours per day.

52. From November 2005 to the present Defendant failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed by Defendant in excess of forty (40) hours in a given workweek.

**Rixen et al v Danisco, USA, Inc.  Complaint**

    53.    Defendant failed to properly pay Plaintiffs by all of the following means:

    a.    By requiring that all employees wear uniforms consistent with the requirements of being a food and pharmaceutical ingredient processing facility and requiring them to change out of street clothes and into their uniforms on the plant site in designated locker rooms.

    b.    By requiring the employees to change out of their uniforms before leaving the plant site to avoid contamination from outside the plant and in part because of the potential for bringing lactose and other substances into the homes of employees.

    c.    By altering time records to show that employees worked only the hours of their assigned shift and not the actual time showed by their time clock records.

    d.    By implementing a policy that paid employees only for 15-minute increments, thereby violating the rounding regulations of the Department of Labor.  *29 CFR 785.11.*  Under defendant's policy, any employee clocking in one minute late or one minute early would be docked 15 minutes.  Similarly, under Defendant's policy, an employee working up to 14

**Rixen et al v Danisco, USA, Inc.  Complaint**

minutes past the end of the shift would not be paid for the additional time.

e. By refusing to pay Plaintiffs and other employees on a continuous work day basis after their first compensable activity of the day.

f. By requiring Plaintiffs to perform work after their clock-in time and refusing to pay them for it.

g. By failing to pay overtime for hours the Plaintiffs worked in excess of forty (40) hours in a given workweek, the Defendant violated FLSA's overtime provisions.

h. By specifying in its plant rules that certain non shift employees working more than eight hours per day would be compensated at one and a half times their regular rate but failing to do so.

i. By specifying in its plant rules that shift employees would be paid double time for hours over 12 per day but failing to do so.

j. All of the employees' time devoted to changing into the company required uniforms on the company site and meeting with operators to hand off the processing were integral and indispensable to their work and were thus principal activities of their jobs.

      k.    Defendants' maintain pay practices that constitute an agreement with their employees that allow for time and a half and/or double time for hours worked over the regular schedule.  These premiums apply to certain job assignments.  The unpaid worked time would cause these premiums to be paid but Defendants failed to pay as agreed.

54.    In addition, Defendant failed to make, keep and preserve adequate records of the wages, hours and other conditions and practices of employment because the Defendant' time records fail to accurately records the number of hours each employee worked and the total hours worked each week.

55.    The Defendant's failure to pay the Plaintiffs federally mandated overtime for hours worked weekly in excess of forty (40) hours was a willful violation of the *FLSA* and the *Illinois Minimum Wage Act, 820 ILCS 105/1 et seq (IMWL)*.

56.    Defendant' failure to pay wages when due violated the *Illinois Wage Payment Collection Act, 820 ILCS 115/1 et seq. (IWPCA)*.

57.    All of the actions and omissions alleged above were undertaken by the Defendant directly and/or through their agents.

**Rixen et al v Danisco, USA, Inc.  Complaint**

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT CLAIM**

58. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

59. Defendant violated the *FLSA* rights pursuant to *29 U.S.C. §§ 206 and 207* of Plaintiffs and the members of the class they seek to represent, for which Plaintiffs and other class members are entitled to relief pursuant to *29 U.S.C. § 216(b)*.

60. The actions of the Defendant violated FLSA provisions regarding overtime requirements by refusing to pay Plaintiffs for time they spent on company premises devoted to the principal activities of their employment.

**SECOND CAUSE OF ACTION**
**ILLINOIS WAGE PAYMENT COLLECTION ACT CLAIM**

61. The Plaintiffs re-allege and incorporate by reference the allegations set forth above.

62. This Count sets forth a claim by the Plaintiffs and the other members of the class for money damages, with respect to the Defendant' violations of the *820 ILCS 115/1 et seq. (IWPCA)*.

63. The unlawful practices outlined here were committed within the State of Illinois.

64. Defendant is an employer within the meaning of the *820 ILCS 115/1 et seq. (IWPCA)*.

**Rixen et al v Danisco, USA, Inc. Complaint**

65.     Plaintiffs and the other class members are employees within the meaning of the *820 ILCS 115/1 et seq. (IWPCA)*.

66.     Defendants and their employees had an agreement outlined in the employee handbook and defendants' documented pay practices that time and a half and double time premiums would be paid in certain job categories and under certain job assignments, including when working on the 7th consecutive day or over the regularly scheduled shift. The agreement also provided that employees would be paid time and a half for hours over 40 per week.

67.     Defendant failed to pay Plaintiffs the full amount of their wages earned, in violation of the *820 ILCS 115/1 et seq. (IWPCA)*.

68.     Defendant failed to pay wages due to Plaintiffs and the other class members, in violation of the *820 ILCS 115/1 et seq. (IWPCA)*.

69.     Defendant's acts violate the *820 ILCS 115/1 et seq. (IWPCA)*.

70.     The actions of the Defendant have proximately caused the Plaintiffs to suffer past lost wages an amount to be determined by this Court.

71.     Defendant's failure to pay these amounts of wages and benefits owing is intentional.

72.     Defendant's have willfully and intentionally violated the *820 ILCS 115/1 et seq. (IWPCA)*.

73.     Plaintiffs are entitled to unpaid wages, liquidated damages, attorneys fees and costs

**Rixen et al v Danisco, USA, Inc.  Complaint**

### THIRD CAUSE OF ACTION
### ILLINOIS MINIMUM WAGE ACT

74. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

75. Danisco/DuPont violated the *Illinois Minimum Wage Act, 820 ILCS 105/1 et seq (IMWL)* by its refusal to pay Plaintiffs for all of their time worked as outlined above.

76. The actions of the Defendants have proximately caused the Plaintiffs to suffer past lost wages an amount to be determined by this Court.

77. Defendants' failure to pay these amounts of wages and benefits owing is intentional.

78. Defendants have willfully and intentionally violated *820 ILCS 105/1 et seq (IMWL)*

### JURY TRIAL DEMAND

Plaintiffs and the Class demand a trial by Jury.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

1. Damages in an amount to be proven at trial, including lost wages, benefits and liquidated damages;

  2. An Order certifying the Class and/or allowing the action to proceed as a representative action under *29 USC 216* and *F. R. Civ. Proc. 23.*;

  3. An Order awarding Plaintiffs their Attorneys' Fees, Costs, and Disbursements;

  4. Any other relief this Court deems equitable and just.


        Respectfully submitted,


        */S/Dorothy A. O'Brien*
        Dorothy A. O'Brien #AT0005877
        Attorney & Counselor at Law, PLC
        2322 East Kimberly Road, Suite 100E
        Davenport, Iowa 52807
        563-355-6060  Telephone
        563-355-6666  Facsimile
        Email:  dao@emprights.com

        ATTORNEY FOR PLAINTIFFS