IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. RIXEN, DWAYNE GERONZIN, BRAD MAYDEW, DONALD HUIZENGA AND TODD KRAMER on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DANISCO USA, Inc. and DUPONT USA <br><br> Defendants. | CASE NO. 3:15-cv-50283 <br><br> Judge Frederick J. Kapala <br> Magistrate Judge Iain D. Johnston |

JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AND DISMISSAL OF NAMED AND OPT-IN PLAINTIFFS' CLAIMS

Named Plaintiffs Christopher E. Rixen, Dwayne Geronzin, Brad Maydew, Donald Huizenga, and Todd Kramer ("Named Plaintiffs"), on behalf of themselves and the opt-in Plaintiffs[1] (collectively, "Plaintiffs") and Defendants Danisco USA, Inc. and E. I. du Pont de Nemours and Company (incorrectly identified as "DuPont USA") ("Defendants") (collectively, the "Parties"), by and through their respective attorneys, jointly move for the Court to approve the settlements entered between Defendants and Plaintiffs and submitted to the Court for *in camera* inspection. In support of the motion, the Parties state as follows:

1. On November 6, 2015, Named Plaintiffs filed a Complaint in the United States District Court for the Northern District of Illinois, Western Division against Defendants alleging

---

[1] Subsequent to the filing of this lawsuit, the following ten (10) individuals opted in as plaintiffs: Darrin Partin (Dkt. No. 5), Michael McKenrick (Dkt. No. 7), Kas Loehndorf (Dkt. No. 9), Ryan Workman (Dkt. No. 9), Kevin Price (Dkt. No. 12), Steve Paulline (Dkt. No. 13), Nicholas Warren (Dkt. No. 14), Darren Lawrence (Dkt. No. 15), James Kramer (Dkt. No. 33), and Ardo E. Kilburg (Dkt. No. 47). Lawrence and Price were maintenance employees, not process operators.

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*, ("IMWL"), and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.*, ("IWPCA").[2]

2. Following negotiations between counsel for Defendants and counsel for Plaintiffs, the Parties have reached a mutually satisfactory settlement.

4. When an employee asserts a claim against his employer or former employer for wages under the FLSA, IMWL, or IWPCA, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lewis v. Giordano's Enterprises, Inc.*, 921 N.E.2d 740, 751 (1st Dist. 2009) (IMWL and IWPCA).

5. The Confidential Settlement Agreements and General Releases (the "Agreements") entered into between Defendants and Plaintiffs have been submitted to the Court for *in camera* inspection.

6. The Parties request the Court approve the Agreements because they are fair and reasonable resolutions of bona fide disputes over wages under the FLSA, IMWL, and IWPCA between Defendants and Plaintiffs.

7. Plaintiffs seek the Court's approval of the proposed settlement allocation among the plaintiffs, including the amount allocated to attorney fees and costs. The allocation is laid out in the attached settlement agreements. Each Plaintiff and opt-in plaintiff was allocated a portion of the settlement based on his dates of employment and wage rate. The dates of

---

[2] On January 12, 2016, Defendants moved to dismiss the Second Cause of Action of Plaintiffs' Complaint – Plaintiffs' IWPCA claim (Dkt. No. 29) – which the Court granted on April 8, 2016 with leave to amend by May 2, 2016 (Dkt. No. 43). On April 28, 2016, the Parties requested (Dkt. No. 44), and the Court granted (Dkt. No. 46), a stay of the proceedings to allow the Parties time to engage in settlement discussions. Therefore, Plaintiffs have not had an opportunity to file an amended Complaint. The Parties' settlement include settlement of Plaintiffs' alleged FLSA, IMWL, and IWPCA claims.

employment included an estimation of how many shifts each plaintiff worked during the relevant statutes of limitation. The settlement agreements also reflect proposed payment of attorney fees consistent with the plaintiffs' attorney fees contract. The fee contracts call for payment of one-third of the recovery plus costs. The amount of proposed fees is less than the amount calculated on an hourly basis. Further details and a detailed description of the time devoted to the case is available should the Court require.

8. In addition, the parties state that the settlement was reached on behalf of the 15 plaintiffs and opt-in plaintiffs, rather than the entire putative class as originally pled. The primary reason for limiting negotiations to the named plaintiffs and opt-in plaintiffs was concern that the court would not approve a collective or class based on lack of similarity among the employees. Specifically, the plaintiffs' claims depended on an individualized inquiry into whether each employee actually took meal breaks or whether the continuous process at the plant meant that the lunch breaks either were not taken or were not primarily for the benefit of the employee. *See, Jonites v. Exelon Corp.*, 522 F.3d 721, 726 (C.A.7 (Ill.), 2008) (Denial of certification of collective action affirmed because of lack of similarity on issue of whether some employees worked through lunch some of the time.)

9. Upon approval of the Agreements, including allocation among the plaintiffs and amounts allocated to attorney fees, the Parties further request the dismissal of Plaintiffs' claims with prejudice, with each party to bear its or his own costs and attorneys' fees.

WHEREFORE, for the foregoing reasons, Plaintiffs and Defendants respectfully request that this Court enter an Order approving the Settlement Agreements and General Releases as fair and reasonable resolutions of bona fide disputes under the FLSA, IMWL, and IWPCA between

Defendants and Plaintiffs and dismiss with prejudice the claims in this lawsuit in their entirety and with each party to bear its or his own costs and attorneys' fees.

Date: August 1, 2016

Respectfully submitted,

| PLAINTIFFS | DEFENDANTS |
|---|---|
| By: /s/ Dorothy A. O'Brien<br>Dorothy A. O'Brien<br>Attorney and Counselor at Law, P.L.C.<br>2322 E. Kimberly Rd., Suite 100E<br>Davenport, IA 52807<br>Telephone: (563) 355-6060<br>Facsimile: (563) 355-6666<br>E-mail: dao@emprights.com | /s/ Kirsten A. Milton<br>Kirsten A. Milton<br>Jeffrey Rudd<br>Jackson Lewis P.C.<br>150 N. Michigan Ave., Suite 2500<br>Chicago, IL 60601<br>Telephone: (312) 787-4949<br>E-mail: kirsten.milton@jacksonlewis.com<br>jeffrey.rudd@jacksonlewis.com |
| Lisa Jensen<br>Jensen Law Office, LLC<br>308 W. State St., Suite 115<br>Rockford, IL 61101<br>Telephone: (815) 986-0810<br>E-mail: ljensen@jensenlawofficellc.com | Eric R. Magnus (*admitted pro hac vice*)<br>Jackson Lewis P.C.<br>1155 Peachtree Street NE, Suite 1000<br>Atlanta, Georgia 30309-3600<br>Telephone: (404) 525-8200<br>Facsimile: (404) 525-1173<br>E-mail: magnuse@jacksonlewis.com |

## CERTIFICATE OF SERVICE

I, Dorothy A. O'Brien, an attorney, hereby certify that on August 1, 2016, I electronically filed a copy of the foregoing **Joint Motion For Court Approval Of Settlement And Dismissal Of Named and Opt-In Plaintiffs' Claims** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Kirsten Milton at kirsten.milton@jacksonlewis.com

Jeffrey Rudd at jeffrey.rudd@jacksonlewis.com

Eric Magnus at E-mail: magnuse@jacksonlewis.com

Lisa Jensen at ljensen@jensenlawofficellc.com

By: */s/Dorothy A. O'Brien*
Attorney for Plaintiffs