## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made by and between E. I. du Pont de Nemours and Company and Danisco USA, Inc. (the "Company") and James Kramer, Mr. Kramer's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), each intending to be legally bound. The Company and Employee shall be referred to herein as the "Parties." The Parties agree that:

WHEREAS, Employee was employed by the Company; and

WHEREAS, on November 6, 2015, Plaintiffs Christopher E. Rixen, Dwayne Geronzin, Brad Maydew, Donald Huizenga, and Todd Kramer, filed a Complaint in the United States District Court for the Northern District of Illinois, Western Division (the "Court") against the Company alleging violations of the Fair Labor Standards Act ("FLSA"), Illinois Wage Payment and Collection Act ("IWPCA"), and Illinois Minimum Wage Law ("IMWL") (the "Lawsuit"); and

WHEREAS, on January 20, 2016, Employee filed a Notice of Consent to Join Suit as Party-Plaintiff;

WHEREAS, the Company denies that any of the Plaintiffs, including Employee, are owed any amounts under the FLSA, IWPCA, and IMWL; and

WHEREAS, the Parties to this Agreement desire to fully and finally resolve all wage and hour claims that Employee has or may have against the Company; and

WHEREAS, Employee voluntarily has agreed to execute a release of his wage and hour claims as stated herein; and

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, the Company agrees to pay the total sum of Twelve Thousand Sixty Eight Dollars and Sixty Six Cents ($12,068.66 less all applicable taxes and other withholdings, to be paid in the following manner:

   (a) One check will issue payable to James Kramer in the amount of Three Thousand Nine Hundred Seven Dollars and Eighty Four Cents ($3,907.84), less appropriate withholding, as applicable, for federal, state, and local taxes, and for which a W-2 will issue at the appropriate time; and

   (b) A second check will issue payable to James Kramer in the amount of Three Thousand Nine Hundred Seven Dollars and Eighty Five Cents

($3,907.85) for liquidated damages, for which a 1099 Form will issue to Employee, as required by law, at the appropriate time; and

(c) A third check will issue payable to Dorothy O'Brien, for which the firm of Attorney and Counselor at Law, PLC will be issued a Form 1099 in its name in the amount of Four Thousand, Two Hundred Fifty Two Dollars and Ninety Seven Cents ($4,252.97), in settlement of all claims for attorney's fees and costs relating to Employee's claims and for which appropriate 1099 Forms will issue to Attorney and Counselor at Law, PLC, as required by law, at the appropriate time.

Employee will receive the consideration set forth in this Paragraph within thirty (30) calendar days after (1) the Company's receipt of an original of this Agreement signed by Employee; (2) the Company's receipt of a completed W-9 Form by Employee; and (3) Employee requests and this Court enters an order approving this Agreement in accordance with Paragraph No. 6 below and dismissing with prejudice Employee's claims in this Lawsuit.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph No. 1 above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Wage and Hour Claims, Claims Not Released, and Related Provisions.**

a. **Release of Wage and Hour Claims.** Employee knowingly and voluntarily releases and forever discharges the Company, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims for any wage and hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this Lawsuit, whether known or unknown, asserted or unasserted under federal, state, and/or local wage and hour laws, including but not limited to, the FLSA, IWPCA, and IMWL. This Release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

b. **Claims Not Released.** Employee is not waiving any rights he may have to: (a) his own vested accrued employee benefits under the Company's health, welfare, or retirement benefit plans as of the date of this Agreement; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

2

c. **Government Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Employee's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.

d. **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or any other Releasee identified in this Agreement is a party.

4. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against the Company other than this Lawsuit.

Employee also affirms that Employee has recorded all hours worked as of the date Employee signs this Agreement and, with the payment of amount set forth in Paragraph No. 1 above, has been paid and/or has received all alleged compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by the Company or its officers, including any allegations of corporate fraud.

5. **Confidentiality of this Agreement.** Employee agrees that he will not disclose the substance, terms, or facts of this Agreement, or any other matters pertaining to this Agreement, unless such disclosure is (i) lawfully required by any governmental agency; (ii) subpoenaed; (iii) otherwise required to be disclosed by law (including legally required financial reporting); or (iv) necessary in any legal proceeding in order to enforce any provision of this Agreement. If such disclosure is required by law, Employee agrees that he will provide the Company, within 72 hours, written notice that such disclosure is required. In addition, Employee may disclose the terms of this Agreement to his accountants, tax advisors, or legal counsel to the extent required for professional advice from those sources, but only after securing a commitment from such professional to maintain the confidentiality of the terms of this Agreement to the extent possible considering the purpose for which the terms of the Agreement are needed by the accountants, tax advisors, or legal counsel. Employee acknowledges that a breach by him of this Paragraph will cause immediate and irreparable harm to the Company, for which injury there is no adequate remedy at law. Accordingly, Employee agrees that in the event of such breach or threatened breach, in addition to any other relief, the Company shall be entitled to an immediate injunction by a court of competent jurisdiction to prevent and restrain such breach, and that the Company shall be entitled to recover its costs and attorney's fees from Employee in any action relating to Employee's actual or threatened breach of this Paragraph.

3

DocuSign Envelope ID: 277B4811-0563-4D2E-A7BD-8C2D8DFA77F8

6. **Submission to Court for Purposes of Approval of Settlement.** The Parties intend for Employee to waive any and all wage and hour claims he may have against Releasees as discussed in Paragraph No. 3 above from the beginning of time up to and including the date on which Employee signs this Agreement, including claims under the FLSA, IWML, and IWPCA, and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

    a. Following execution of this Agreement, the Parties will provide the Court with a copy of the Agreement for *in camera* inspection;

    b. Concurrent with the Court's *in camera* inspection, Employee will cause his attorney to file a Joint Motion for Approval of Settlement and Dismissal in this Lawsuit ("Joint Motion") and provide the Court with an Order of Approval of Settlement and Order of Dismissal ("Proposed Order");

    c. The Joint Motion and Proposed Order are incorporated herein; and

    d. In the event the Agreement is not approved by the Court, this Agreement shall be null and void and no payments shall be made pursuant to this Agreement.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach, including as discussed in Paragraph No. 5 above. In the event of any breach of any provision of this Agreement, the prevailing party shall be entitled to recover its or his costs and expenses, including reasonable attorneys' fees. Should any provision of this Agreement be declared invalid, void, or unenforceable by any court of competent jurisdiction, such invalidity, voidness, or unenforceability shall not render invalid, void, or unenforceable, any other part or provision of this Agreement; provided, however, if any portion of Employee's release set forth in Paragraph No. 3 above is found by a court to be invalid or unenforceable, then the entire Agreement shall be voidable at the election of the Company.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

11. **Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

JAMES KRAMER

E. I. DU PONT DE NEMOURS AND COMPANY AND DANISCO USA, INC.

DocuSigned by:
*James Kramer*
AD30A5A1447D499...

By: *Surah E. Sitrig, Corporate Counsel*

Date: 7-19-2016

Date: 8/1/16

4841-6755-1796, v. 1